**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10592 |
| Plaintiff - Appellant, | D.C. No. 3:11-cr-00097-CRB-9 |
| v. | |
| MAY CHUNG, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 16, 2014**
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and GORDON, District
Judge.***

The United States brings an interlocutory appeal from the district court's

ruling granting May Chung's motion to suppress evidence found in her residence

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Andrew P. Gordon, United States District Judge for
the District of Nevada, sitting by designation.

and safe deposit box. The United States contends that the district court erred in suppressing the evidence because the issuing magistrate judges could reasonably conclude there was probable cause that Chung's residence and safe deposit box would contain evidence of her involvement in the loansharking conspiracy. Alternatively, the United States asserts that the officers relied in good faith on the approval of the search warrants by two magistrate judges. We have jurisdiction under 18 U.S.C. § 3731, and we reverse the district court's ruling suppressing the evidence.

We review a district court's rulings on motions to suppress and the validity of search warrants de novo. *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013). A magistrate's determination of probable cause to issue a search warrant is accorded great deference and is reversed only if that determination is clearly erroneous. *United States v. Terry*, 911 F.2d 272, 275 (9th Cir. 1990). To uphold a magistrate judge's decision authorizing a search warrant, we need only ensure that the magistrate had a substantial basis for concluding that probable cause existed, *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983), and that there was a "fair probability" that contraband or evidence of a crime would be found in the place to be searched. *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir. 2004).

The warrants in this case were based on the allegations contained in a sixty-one page affidavit by DEA Special Agent Ryan Tack. The affidavit outlined a lengthy investigation into an illegal enterprise involved in drug trafficking and extortionate credit transactions under cover of two legitimate gambling establishments in the San Francisco Bay Area. The affidavit disclosed that May Chung was seen at the Oaks Card Club providing loans to gamblers in the form of casino chips, collecting loan repayments, and keeping a record of loan payments. According to the affidavit, Chung demonstrated her knowledge of the illegal nature of the loans by explaining to a confidential informant the usurious interest rates charged by the enterprise. These actions provided sufficient evidence that Chung was an active and knowing member of the loansharking conspiracy.

Moreover, Special Agent Tack stated in the affidavit that based on his six years' investigative experience, individuals involved in loansharking conspiracies will often hide their records and paraphernalia at their homes and in safe deposit boxes. "[Tack's] opinion was an important factor to be considered in the magistrate's determination whether probable cause existed." *United States v. Foster*, 711 F.2d 871, 878 (1983). We conclude, therefore, that the magistrate judge had a substantial basis for finding probable cause and properly issued the warrant to search Chung's home. Because the evidence found in Chung's home

3

reasonably suggested that more might be hidden in her safe deposit box, the second magistrate judge had an even stronger basis for finding probable cause and properly issued the warrant to search Chung's safe deposit box.

In the alternative, even if the magistrate lacked a substantial basis for finding probable cause, the searching officers were entitled to rely on the warrants in good faith since Special Agent Tack's affidavit "establishe[d] 'at least a colorable argument for probable cause,' and the agents relied on the search warrant[s] in an objectively reasonable manner." *United States v. Shi*, 525 F.3d 709, 731 (9th Cir. 2008) (quoting *United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006)). The Tack affidavit set forth reliable direct evidence of Chung's involvement in the loansharking conspiracy, and Special Agent Tack's experienced judgment created a sufficient link between those crimes and the likelihood that evidence of the criminal activity would be found in Chung's residence. The evidence found in Chung's home, along with the Tack affidavit, the affidavit by FBI Special Agent David VanderPorten, and the two authorized search warrants, provided the officers searching Chung's safe deposit box with an even stronger basis to believe that the warrants were valid. Thus, we hold that the officers' reliance on the search warrants was objectively reasonable, and the district court erred in suppressing the evidence.

The district court's ruling suppressing the evidence found in May Chung's home and safe deposit box is **REVERSED** and the case is **REMANDED** for further proceedings.